T.C. Memo. 1997-258


UNITED STATES TAX COURT


RONALD L. BERKSHIRE, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3006-96.                    Filed June 10, 1997.


John J. Boyle, for respondent.


MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before the Court on respondent's motion for entry of judgment by default pursuant to Rule 123(a).[1]  Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows:

_____

[1]  All Rule references are to this Court's Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as in effect for the years in issue.

| Year | Deficiency | Additions to Tax | | | | |
|---|---|---|---|---|---|---|
| | | Sec. 6653(b)(1) | Sec. 6653(b)(2) | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) | Sec. 6661 |
| 1985 | $18,982 | $9,491 | [1] | --- | --- | $4,584 |
| 1986 | 25,986 | --- | --- | $19,490 | [1] | 6,497 |
| 1987 | 41,712 | --- | --- | 31,284 | [1] | --- |

[1] 50 percent of the interest due on the deficiency.

## Background

Petitioner invoked the jurisdiction of this Court on February 20, 1996, by timely filing a petition. Petitioner resided in Columbus, Ohio, at the time the petition was filed. On April 24, 1996, respondent timely filed an answer to the petition denying that respondent erred with respect to the determinations set forth in the deficiency notice. Respondent's answer includes specific allegations in support of the determination that petitioner is liable for additions to tax for fraud for the years in issue. Petitioner failed to file a reply denying the allegations contained in respondent's answer. Thus, on June 17, 1996, respondent filed a motion under Rule 37(c) to have the undenied allegations of fact deemed admitted. Petitioner was notified of the filing of respondent's Rule 37(c) motion by notice of filing dated June 17, 1996. Petitioner failed to respond to the notice of filing and failed to file a reply to respondent's answer. We granted respondent's motion on July 15, 1996.

Respondent's answer reads, in pertinent part, as follows:

8. FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayment of

tax for the taxable year 1987 is due to fraud, the respondent affirmatively relies upon the doctrine of collateral estoppel (estoppel by judgment), and alleges:

(a) Ronald L. Berkshire, the petitioner herein, is the same person who was the defendant in the criminal case of <u>United States of America v. Ronald L. Berkshire</u> (Western District of Virginia, Case Number 92-00050-01). The Judgment entered in that case became final on May 24, 1993.

\* \* \* \* \* \* \*

(d) The petitioner subsequently entered a plea of guilty to violation of I.R.C. sec. 7201 for the taxable year 1987, as set forth against him in Count Three of the indictment.

(e) On May 24, 1993, the United States District Court for the Western District of Virginia entered Judgment against the petitioner pursuant to said plea. \* \* \*

\* \* \* \* \* \* \*

(i) The prior criminal conviction of the petitioner under I.R.C. sec. 7201 for the taxable year 1987 is conclusive and binding on the petitioner, and, by reason thereof, the petitioner is estoped in the instant case under the doctrine of collateral estoppel (estoppel by judgment) from denying herein that he willfully engaged in conduct to mislead and to conceal his true taxable income for the taxable year 1987 with intent to evade and defeat a part of the income tax due and owing by him for said year, and that due to such fraud there is an underpayment of tax within the meaning of I.R.C. secs. 6653(b)(1)(A) and 6653(b)(1)(B) for the taxable year 1987.

(j) By reason of such prior criminal conviction, the petitioner is estoped in the instant case, under the doctrine of collateral estoppel (estoppel by judgment) from denying that a part of the underpayment in income tax for the year 1987 is due to fraud, and that, therefore, the petitioner is liable for the additions to tax imposed by I.R.C. secs. 6653(b)(1)(A) and 6653(b)(1)(B), as determined by the respondent in

the notice of deficiency upon which the instant case is based.

9.   FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayment of tax for the taxable years 1985, 1986 and 1987 is due to fraud, the respondent alleges:

(a)  On or about April 15, 1986, the petitioner with intent to evade and defeat income tax filed a 1985 joint income tax return (Form 1040) with the Internal Revenue Service that showed taxable income and taxes due in the amounts of $8,911.00 and $645.00, respectively.

(b)  For the 1985 taxable year, the petitioner understated his taxable income by $52,322.00 and understated his 1985 income tax liabilities by $18,982.00.

*   *   *   *   *   *   *

(k)  On or about April 15, 1986, the petitioner with intent to evade and defeat income taxes filed a 1986 joint income tax return (Form 1040) with the Internal Revenue Service that showed taxable income of $3,526.32 and no taxes due and owing for the year 1986.

(l)  For the taxable year 1986, the petitioner understated his 1986 taxable income by $75,753.00 and understated his 1986 income taxes by $22,471.00.

*   *   *   *   *   *   *

(v)  The petitioner fraudulently and with intent to evade tax omitted from his income tax returns for the taxable years 1985 and 1986, taxable income in the respective amounts of $52,322.00 and $75,753.00.

(w)  For the taxable year 1987, the petitioner failed to file a federal income tax return and paid no federal tax for that year.

(x)  For the taxable year 1987, the petitioner received taxable income from UNICO, Inc. in a total amount of $111,195.00.

*   *   *   *   *   *   *

(z) A part of each deficiency in income tax for the taxable years 1985, 1986 and 1987, is due to fraud with intent to evade taxes.

By notice dated October 10, 1996, the Court set this case for trial at the Columbus, Ohio, trial session beginning on March 17, 1997. This notice specifically stated that "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."

On November 7, 1996, petitioner's counsel filed a motion to withdraw their representation of petitioner. That motion recites that "Petitioner has instructed counsel not to sign the Decision Entry previously agreed to between Petitioner and District Counsel."

This case was called at the Court's trial session in Columbus, Ohio, on March 17, 1997. Petitioner did not appear, file a pretrial memorandum, or request a continuance. At that time, respondent filed the motion for judgment by default pursuant to the provisions of Rule 123(a).

Discussion

Rule 123(a) provides that if any party fails to plead or otherwise proceed as provided by the Rules or as required by the Court, that party may be held in default on the motion of the other party. Smith v. Commissioner, 91 T.C. 1049, 1056 (1988), affd. 926 F.2d 1470 (6th Cir. 1991). The action or nonaction on the part of a taxpayer that constitutes sufficient grounds to apply Rule 123(a) in proceedings before us is a matter within

this Court's discretion.  Id.  Petitioner's failure to appear and to proceed with prosecution of his case, despite the Court's warning in its notice setting this case for trial and its pretrial order, constitutes sufficient grounds for the entry of a default judgment against him.

Petitioner made no attempt to contact the Court upon his failure to appear and failed to submit a trial memorandum, as required by the Court's standing pretrial order, or request a continuance.  Accordingly, we will sustain respondent's determinations as to the deficiencies and the additions to tax pursuant to section 6661 on the ground that petitioner either defaulted or simply failed to carry his burden of proof.  See, e.g., id. at 1052.

Respondent has also moved to default petitioner for the additions to tax for fraud for the years in issue.  When a taxpayer fails to appear and prosecute his case, entry of a default decision as to the additions to tax for fraud is appropriate if, in the answer, the Commissioner alleges facts which, if proven, clearly and convincingly support such a judgment.  Id. at 1058-1059.  The granting of the Rule 37(c) motion has the effect of establishing facts pleaded in the answer.

The facts alleged in the answer, deemed admitted, constitute clear and convincing evidence that petitioner fraudulently underpaid his taxes for the years in issue.  Prominent among the

matters contained in the answer are petitioner's admissions that: (1) The omission of specific items of income for the years in issue is part of a 3-year pattern of intent to evade taxes; (2) petitioner understated taxable income in the amounts of $52,322 for 1985, $75,753 for 1986, and $111,195 for 1987; and (3) the deficiency for each of the years in issue is due to fraud with intent to evade taxes.  Additionally, petitioner's conviction under section 7201 collaterally estops him from denying that there is an underpayment of his income tax and that some part of the underpayment is due to fraud for purposes of section 6653(b)(1)(A) and (B) for 1987.  Rodney v. Commissioner, 53 T.C. 287, 305 (1960).

The above-pleaded facts clearly establish that petitioner fraudulently underpaid his income taxes for the years in issue. Thus, we are satisfied that the additions to tax for fraud for the years in issue should be sustained by the entry of a default judgment against petitioner pursuant to Rule 123(a).

To reflect the foregoing,

> An appropriate order will
> be issued, and decision will be
> entered for respondent.